IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

VT HALTER MARINE, INC.                                        PLAINTIFF

v.                                        CIVIL NO. 1:17cv49-HSO-JCG

EMAS CHIYODA SUBSEA, INC.
f/k/a EMAS-AMC, INC. and EZRA
HOLDINGS LIMITED                                        DEFENDANTS

## ORDER DISMISSING PLAINTIFF'S COMPLAINT
## FOR LACK OF SUBJECT-MATTER JURISDICTION

This matter is before the Court *sua sponte*. The Court has a continuing duty
to examine subject-matter jurisdiction and is required to dismiss any action over
which it lacks jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des
Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Warren v. United States*, 874 F.2d
280, 281-82 (5th Cir. 1989); FED. R. CIV. P. 12(h)(3). For the reasons that follow, the
Court finds that this case should be dismissed without prejudice for lack of subject-
matter jurisdiction.

## I.    DISCUSSION

Federal courts are courts of limited jurisdiction, having subject-matter
jurisdiction only over those matters specifically designated by the Constitution or
Congress. *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th
Cir. 2010) (citing *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist.
No. 1,* 665 F.2d 594, 595 (5th Cir. 1982)). Courts "must presume that a suit lies
outside this limited jurisdiction, and the burden of establishing federal jurisdiction

rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A court must dismiss a case *sua sponte* if subject-matter jurisdiction is lacking pursuant to Federal Rule of Civil Procedure 12, even if not raised by the parties. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Bridgmon v. Array Systems Corp.*, 325 F.3d 572, 575 (5th Cir. 2003) (noting that it is a district court's duty to consider this issue *sua sponte* even when the parties have not raised it).

Plaintiff VT Halter Marine, Inc. ("Plaintiff") filed this lawsuit on February 27, 2017, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, which provides that

> [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

The Complaint [1] named two Defendants, EMAS Chiyoda Subsea, Inc. f/k/a EMAS-AMC, Inc. ("EMAS") and Ezra Holdings Limited ("Ezra"). Compl. [1] at 1.

Plaintiff states that it is a Delaware corporation with its principal place of business in Mississippi, making it a citizen of both Delaware and Mississippi for diversity jurisdiction purposes. *Id.*; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). The Complaint [1] alleges that Defendant EMAS is a Delaware corporation with its principal place of business in Texas, and that Defendant Ezra is a Singapore limited liability company. Compl. [1] at 1. Because Plaintiff and EMAS are both citizens of Delaware, complete diversity of citizenship is lacking. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) ("[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.") (quotation omitted).

The presence of Ezra as a foreign citizen is not enough to create diversity jurisdiction in this scenario, because 28 U.S.C. § 1332(a)(3) confers jurisdiction only when a citizen of one state sues both a foreign citizen and a citizen of a state that is different from the plaintiff's. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Nor do any federal claims appear on the face of the Complaint [1]. *See* 28 U.S.C. § 1331. Accordingly, the Court lacks federal subject-matter jurisdiction over Plaintiff's claims, and this case must be dismissed. Fed. R. Civ. P. 12(h)(3).

Plaintiff alleges that the Court has jurisdiction pursuant to paragraph 9(f) of a Loan Agreement between Plaintiff and EMAS. Compl. [1] at 2. The specified provision states that EMAS

> irrevocably submits itself and its assets, and therefore waives any objections, to the exercise of personal jurisdiction over [EMAS] and its assets by state and federal courts of the State of Mississippi in any

> action or proceeding for the resolution of any disputes or any
> enforcement of this Agreement.

Loan Agreement [1-1] at 6. However, federal subject-matter jurisdiction cannot be conferred by the actions or consent of the parties. *Insurance Corp. of Ireland, Ltd.*, 456 U.S. at 702.

Plaintiff has not invoked bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334, but the Court notes that a Notice of Automatic Stay and Suggestion of Bankruptcy [4] was filed on March 13, 2017, informing the Court that EMAS filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas on February 27, 2017. To the extent the Complaint [1] raises any claims over which the Court had bankruptcy jurisdiction when the Complaint [1] was filed, the Court in its discretion declines to exercise such jurisdiction pursuant to 28 U.S.C. § 1334(c)(1).

## II.   CONCLUSION

Because Plaintiff has not met its burden of demonstrating that this Court possesses subject-matter jurisdiction, the Court will dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff VT Halter Marine, Inc.'s claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 12th day of May, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE